**WO**                                                                                                                  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daryl Stevenson, | No. CV-04-2805-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

On December 6, 2004, Daryl Stevenson (Plaintiff), currently confined in the Arizona State Prison in Kingman, Arizona (ASP-Kingman), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the one hundred and fifty dollar ($150.00) filing fee, but filed with his Complaint a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed), which did not include a copy of his trust fund account statement (or institutional equivalent) for the six (6) months immediately preceding the filing of the Complaint as required.

By Order filed December 23, 2004 (Document #3), Plaintiff's deficient Application To Proceed was denied without prejudice and Plaintiff was given thirty (30) days to pay the one hundred and fifty dollar ($150.00) filing fee, or in the alternative, to file with the Court

- 1 -

**JDDL-K**

1 a new, certified Application to Proceed, using the form included with the Order, and a
2 certified copy of his inmate trust fund account statement (or institutional equivalent) for the
3 six (6) months immediately preceding the filing of the Complaint. On January 3, 2005,
4 Plaintiff filed a new, certified Application To Proceed (Document #4).

5     By Order filed August 30, 2005 (Document #6), the Court granted the new
6 Application To Proceed and Plaintiff was obligated to pay the one hundred and fifty dollar
7 ($150.00) statutory filing fee for this action. An initial partial filing fee of eleven dollars and
8 seventy-two cents ($11.72) was assessed.

9     The Order filed August 30, 2005, also dismissed Plaintiff's Complaint without
10 prejudice, with leave to amend. Plaintiff was given thirty (30) days from the filing date of
11 the Order to file an amended complaint on the Court-approved form included with the Order.

12     By separate Order filed August 30, 2005 (Document #5), the Director of the Arizona
13 Department of Corrections (ADOC) or her designee was required to send to the Clerk of the
14 Court the initial partial filing fee, and thereafter, payments from Plaintiff's trust account each
15 time the amount in the account exceeds ten dollars ($10.00), until the statutory filing fee of
16 one hundred and fifty dollars ($150.00) was paid in full. 28 U.S.C. § 1915(b)(2).

## MOTION FOR ADDITIONAL EXTENSION

18     To date, Plaintiff has not complied with the Court's August 30, 2005 Order (Document
19 #6) by filing an amended complaint. On September 26, 2005 Plaintiff filed a "Motion For
20 A[n] Extension Of Filing Time In A[n] Amended Complaint" (Document #7) (Motion), in
21 which he sought a forty-five (45) day extension of time to file his amended complaint and
22 the appointment of counsel. (Motion at 7). By Order filed October 21, 2005 (Document #8),
23 Plaintiff's Motion was granted in part to the extent that Plaintiff was given forty-five (45)
24 days from the filing date of the Order to file an amended complaint on the Court-approved
25 form included with the Court's August 30, 2005 Order. Plaintiff's Motion was denied in part
26 to the extent that he requested the appointment of counsel.

27     On December 5, 2005, Plaintiff filed a "Motion For A[n] (Additional) Extension Of

1  Time In Filing An 'Amended Complaint'" (Document #9) (Second Motion), in which he
2  seeks an additional forty-five (45) day extension of time to file an amended complaint.

3   In support of his Second Motion, Plaintiff describes the problems he has had in
4  obtaining the copies and legal resources needed to file an amended complaint. Good cause
5  having been shown, Plaintiff's Second Motion will be granted and Plaintiff will be given
6  forty-five days from the filing date of this Order to file an amended complaint on the Court-
7  approved form included with the Court's August 30, 2005 Order. Because this is Plaintiff's
8  second extension of time, he is cautioned that no further extensions of time will be granted
9  without a showing of exceptional circumstances.

## WARNING

11  Plaintiff is warned that if he fails to timely comply with every provision of this Order,
12  this action will be dismissed without further notice. See Ferdik, 963 F.2d 1258, 1260-61 (9th
13  Cir.) (district court may dismiss action for failure to comply with any order of the court), cert.
14  denied, 506 U.S. 915 (1992). Moreover, because the Complaint has been dismissed for
15  failure to state a claim, if Plaintiff fails to file an amended complaint correcting the
16  deficiencies identified in the Court's August 30, 2005 Order, the dismissal of this action will
17  count as a "strike" under the "three strikes" provision of the Prison Litigation Reform Act.
18  See 28 U.S.C. § 1915(g).

19  **IT IS THEREFORE ORDERED**:

20  (1) That Plaintiff's "Motion For A[n] (Additional) Extension Of Time In Filing An
21  'Amended Complaint'" (Document #9) is GRANTED;

22  (2) That Plaintiff SHALL HAVE forty-five (45) days from the filing date of this
23  Order to file an amended complaint in order to state specific allegations of deprivation of
24  constitutional rights against proper defendant(s), to name as defendant(s) the individual(s)
25  who participated in the activities alleged in his amended complaint, to state what injury he
26  has suffered as a result of the activities of the defendant(s), and to show how, prior to filing
27  this action, he exhausted his administrative remedies as to each of his claims for relief. The

**JDDL-K**

- 3 -

1 amended complaint must be retyped or rewritten in its entirety on the current, Court-
2 approved form included with the Court's August 30, 2005 Order (Document #6), may not
3 incorporate any part of the original Complaint by reference,[1] and must contain Plaintiff's
4 original signature.  If Plaintiff fails to file the amended complaint on a current, Court-
5 approved form, the amended complaint will be stricken, and the action dismissed without
6 further notice to Plaintiff.  Any amended complaint submitted by Plaintiff should be clearly
7 designated as an amended complaint on the face of the document;

8       (3)   That the Clerk of the Court is DIRECTED to enter a judgment of dismissal
9 without prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to file an
10 amended complaint within forty-five (45) days from the filing date of this Order.  Upon entry
11 of judgment, the Clerk of the Court SHALL MAKE an entry on the docket in this matter
12 indicating that the dismissal of this action falls within the purview of 28 U.S.C. § 1915(g);

13       (4)   That a clear, legible copy of every pleading or other document filed SHALL
14 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
15 District Judge or Magistrate Judge to whom the case is assigned.  See Rule 5.4, Local Rules
16 of Civil Procedure (LRCiv).  **Failure to submit a copy along with the original pleading**
17 **or document will result in the pleading or document being stricken without further**
18 **notice to Plaintiff**;

19       (5)   That at all times during the pendency of this action, Plaintiff SHALL
20 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
21 and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF
22 ADDRESS."  The notice shall contain only information pertaining to the change of address
23 and its effective date, except that if Plaintiff has been released from custody, the notice
24 should so indicate.  The notice shall not include any motions for any other relief.  Failure to

---

[1] This means that although Plaintiff may use language from his original Complaint in an amended complaint, he may not simply refer to the original Complaint.

**JDDL-K**  28    - 4 -

file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 8th day of January, 2006.

_____
Mary H. Murguia
United States District Judge